UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA G. NEWSTEDER
and LOUANN GRAY
on their own behalf and on
behalf of those similarly situated,

    Plaintiffs,

vs.                                              Case No.

VOLATO, INC. and
VOLATO GROUP, INC.

    Defendants.
_____/

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs Joshua G. Newsteder and LouAnn Gray on their own behalf and on behalf of those similarly situated (collectively "Plaintiffs"), by and through their undersigned counsel, hereby sue Defendants Volato, Inc. and Volato Group, Inc. (collectively "Defendants" or "Volato") and allege as follows:

### I.

### INTRODUCTION

1. This is an action brought pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 et. seq. ("WARN Act").

2. Volato is liable under the WARN Act for the failure to provide at least 60 days' advance notice of their termination to approximately 233 employees, as required by the WARN Act.

1

# II.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331.

4. Venue is proper because facts material to the claims set forth herein occurred in the Middle District of Florida.

5. At all times material to this action, Defendant Volato, Inc. was a foreign corporation, conducting business in St. Augustine, St. Johns County, Florida.

6. At all times material to this action, Defendant Volato Group, Inc. was a foreign corporation, conducting business in St. Augustine, St. Johns County, Florida.

7. Joshua G. Newsteder was employed by Volato since 2021 and his most recent title was Gulfstream Captain. At all material times, he has been a resident of Duval County, Florida.

8. LouAnn Gray was employed by Volato since 2022 and her most recent title was Vice President of Commercial Services.

9. At all times material to this action, Plaintiffs were employees of Volato for purposes of the WARN Act.

10. At all times material to this action, Volato was the employer of Plaintiffs for purposes of the WARN Act.

11. Volato's office is located at 1954 Airport Rd #124, Atlanta, GA 3034 (the "Facility").

12. Volato, Inc. and Volato Group, Inc. had common ownership.

13. Volato, Inc. and Volato Group, Inc. had common directors and officers.

14. Volato, Inc. and Volato Group, Inc. had de facto exercise of control by the same individuals.

15. Volato, Inc. and Volato Group, Inc. had unity of personnel policies.

16. Volato, Inc. and Volato Group, Inc. had dependency of operations.

## III.

## **GENERAL ALLEGATIONS**

17. Volato is an aviation company providing fractional ownership, aircraft management, jet card, deposits and charter programs.

18. Volato employed approximately 260 employees including Plaintiffs.

19. On or about August 30, 2024, Volato provided Plaintiffs an email that contained "formal notice of the termination of your employment with Volato Group, Inc, effective **Friday, August 30, 2024**" [emphasis in the original].

20. Plaintiffs were not provided with advanced notice of their terminations.

21. Plaintiffs were terminated as part of the plant shutdown or mass layoff which included approximately 233 employees.

22. Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

# IV.

## WARN ACT ALLEGATIONS

23. Plaintiffs and other similarly situated employees were laid off as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

24. At all relevant times, Volato employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at the Facility.

25. At all relevant times, Volato, Inc. was an "employer" of the Class Members as that term is defined by the WARN Act.

26. At all relevant times, Volato Group, Inc. was an "employer" of the Class Members as that term is defined by the WARN Act.

27. On or about August 30, 2024, Volato ordered "plant shutdowns" or "mass layoffs" as those terms are defined by the WARN Act.

28. Volato's actions resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

29. Volato's termination of the Class Members' employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

30. The Plaintiffs and each of the Class Members who were employed by Volato and then terminated by Volato as a result of Volato's executing plant shutdowns or mass layoffs were "affected employees" as defined by the WARN Act.

31. The Plaintiffs and each of the Class Members are "aggrieved employees" of Volato as that term is defined by the WARN Act.

32. Pursuant to the WARN Act, Volato was required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days prior notice was not given.

33. Pursuant to the WARN Act, Volato was required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to government officials, explaining why the sixty (60) days prior notice was not given.

34. Volato failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act.

35. Volato failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective layoffs, and failed to make the pension and 401(k) contributions, provide other employee benefits under

ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

36. As a result of Volato's failure to pay the wages, benefits and other monies as asserted, the Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their terminations.

37. All administrative notice requirements and prerequisites have been satisfied.

V.

**CLASS ACTION ALLEGATIONS**

38. Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the WARN Act on behalf of themselves and a class of employees who worked at or reported to the Volato Facility and were laid off without cause by Volato as part, or as the reasonably foreseeable result, of plant shutdowns or mass layoffs ordered by Volato at the Facility (the "Class") on or about August 30, 2024, and were not provided with the required advanced notice of the termination.

39. The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are approximately 250 potential class members.

40. There are questions of law and fact common to the Class Members, namely:

> i. Whether the Class Members were employees of Volato who worked at or reported to Volato's Facility;
>
> ii. Whether Volato ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and
>
> iii. Whether Volato was subject to any of the defenses provided for in the WARN Act.

41. The claims of the representative parties are typical of the claims of the Class, as they were laid off as part of the plant shutdown or mass layoff and did not receive the requisite notice.

42. The representative parties will fairly and adequately protect the interests of the class.

43. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation, including WARN Act litigation.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of the WARN Act – where the individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and the adjudications with respect to individual Class Members would be dispositive of the interests of other members.

45. Volato acted on grounds that apply generally to the Class.

46. The questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    i. Whether the Class Members were employees of Volato who worked at or reported to Volato's Facilities;

    ii. Whether Volato ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

    iii. Whether Volato was subject to any of the defenses provided for in the WARN Act.

## VI.

## COUNT I

## **VIOLATIONS OF THE WARN ACT**

47. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 47 as if fully stated herein.

48. Volato's failure to provide Plaintiffs advanced written notice of their layoffs constitutes a violation of the WARN Act.

49. Plaintiffs have suffered as a result of this failure to provide advanced notice of the layoff.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

i. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

ii. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single Class;

iii. Designation of Plaintiffs Joshua G. Newsteder and LouAnn Gray as Class Representatives;

iv. Appointment of the undersigned attorneys as Class Counsel;

v. Interest as allowed by law on the amounts owed under the preceding paragraphs;

vi. The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

vii. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable as of right.

Dated:  September 12, 2024

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Lead Counsel
Florida Bar No. 0148430
Primary Email:rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax

Arthur Schofield
Florida Bar No. 984434
Primary Email: aschofield@flalabor.com
Arthur T. Schofield, P.A
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
(561) 655-4211
(561) 655-5447 Fax

Attorneys for Plaintiffs